IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLIONIS
EASTERN DIVISION

| | |
|---|---|
| Steve Fanady | ) |
| | ) |
| Plaintiff | ) No. 23 cv 5806 |
| | ) |
| and | ) |
| | ) Judge: Sharon Johnson Coleman |
| Thomas Dart, as Sheriff of Cook County Illinois, and Jane Gubsar as Executive Director of the Cook County Jail | ) |
| | ) Magistrate: David Weisman |
| Defendant | ) |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMMENT
ON PETITION FOR A WRIT OF HABEAS CORPUS
OF PERSON IN STATE CUSTODY**

**NOW COMES** the Plaintiff, Steve Fanady, by and through his attorney, Laura Grochocki, and pursuant to FRCP 56, Local Rule 56.1, and 28 USC §2254, moves this Court to enter a Summary Judgment granting him a Writ of Habeas Corpus ordering that the Sheriff of the County of Cook, State of Illinois release him from custody in the case of *Harnack v. Fanady, 08 D 2844 (Circuit Court of Cook County)* and ordering that before he can again be taken into custody for indirect civil contempt in the case of *Harnack v. Fanady, 08 D 2844*, a new contempt hearing is required. In support of this petition, Plaintiff states as follows:

1.  This motion is for Summary Judgment on Grounds One in Plaintiff's Complaint for a Writ of Habeas Corpus. It is simple and straight forward. As the Local Rule 56.1(g) Supporting Memorandum and Local Rule 56.1(d) Statement of Material Facts will show, there can be no dispute that Plaintiff Steve Fanady ("Plaintiff") is being held in the custody by Thomas Dart, the Sheriff of Cook County, Illinois ("Sheriff"), for indirect civil contempt even though the

Order(s) authorizing the Sheriff to be hold Plaintiff in custody expired on June 21, 2023. Plaintiff's detention in the Cook County jail since June 21, 2023, three (3) months (and counting), has been in violation of his constitutional rights under the 5th and 14th Amendments.

    2. This is not a matter that should require the intervention of the courts, but unfortunately because of the Sheriff's refusal to abide by clear statutory provisions, it does. For example, the intervention of a court is not required for the release of a prisoner who is granted early release because of statutorily mandated "good time" credits. The warden, or sheriff simply calculates the credits of "X" number of days the prisoner's period of incarceration is to be reduced according to the statute and releases the prisoner when the now-reduced period of incarceration is over. Similarly in this case, which is a civil contempt matter, when the statute states that a "civil order for the incarceration or detention of a natural person… shall expire one year after the date of issue," nothing further is necessary. When the year is up, the sheriff should no longer hold the Plaintiff on the civil contempt charge. Unfortunately, in this case the Sheriff has continued to detain the Plaintiff on the civil contempt charge on an expired order, in direct violation of the Plaintiff's constitutional rights under the 5th and 14th Amendments. Further, and just as unfortunately, the state courts are refusing to address this issue.

    3. Plaintiff Steve Fanady ("Plaintiff" or "Fanady") is a prisoner in the custody of the Sheriff of Cook County, Illinois, and is being held by the Sheriff in the Cook County Jail facilities at 2700 S. California Ave., Chicago, Cook County, Illinois. Jane Gubsar, who is an employee of the Sheriff, is the Executive Director of the Cook County Jail. ("Director")

    4. Plaintiff is being held after he was found in indirect civil contempt of court. His civil contempt arose out of his failure to comply with a provision of the default Judgment of Dissolution entered on August 3, 2011, (over twelve years ago) in the 2008 Cook County case of

[2]

*Harnack v. Fanady, 08 D 2844*. Plaintiff's ex-wife Pamela Harnack ("Harnack"), was awarded 120,000 shares of CBOE stock in the default Judgment of Dissolution of August 3, 2011.[1] However, Harnack made no effort to enforce this provision of the Judgment of Dissolution against Fanady until eight and a half years (8½) later on December 9, 2019, when she filed a *Motion to Compel Compliance with Judgment of Dissolution*. Then, on December 11, 2020 an Order was entered granting Harnack's *Motion to Compel Compliance* and directing Fanady to turn over 120,000 shares of CBOE stock, or their value, to Harnack within two (2) weeks. The Court also determined that the current (i.e. 2020) value of 120,000 shares of CBOE stock was of $10,000,000.00 (ten million dollars).

5. Then on February 9, 2021, (ten (10) years after the Judgment of Dissolution was entered), Plaintiff was held in indirect civil contempt of court for his failure to deliver the 120,000 shares of CBOE stock or pay $10,000,000 to Harnack pursuant to the December 11, 2020 Order. The court also entered an *Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment*, ("Commitment Order") committing Plaintiff to the custody of the Sheriff. On the following day, February 10, 2021, the court entered a *Body Attachment Order* ("Body Attachment") directing the Sheriff of Cook County to seize Plaintiff pursuant to of the finding of indirect civil contempt and Commitment Order. Both Orders stated that Fanady could gain his release by transferring 120,000 shares of CBOE stock or Harnack or paying her $10,000,000.

---

1. As cautioned by this Court in its Order of September 7, 2023, [Dkt. 8] the Plaintiff is aware of the domestic relations exception to federal jurisdiction. However, Plaintiff believes that it will be of great assistance to the Court to briefly set out the relevant procedural history of the indirect civil contempt proceedings in the Circuit Court of Cook County that lead to the Habeas Corpus complaint before this Court. This summary of events is not being done to insert matters of domestic relations law into this case. Plaintiff is only setting out the procedural history that precedes the filing of this case because it is necessary to give context to his grounds for relief, and to understand how his federal constitutional rights are being violated.

Fanady appealed, and the contempt finding was affirmed in *Harnack v. Fanady* 2022 IL App (1st) 210143. Fanady has exhausted his state court remedies.

6. Even though the state court entered a Body Attachment on February 10, 2021, directing the Sheriff to take Plaintiff into custody, he was not taken into custody.[2] Then, one (1) year later both the Commitment Order and the Body Attachment Order expired by operation of law. The relevant statue, *735 ILCS 5/12-107.5(a)(c),* states:

> **(a) No order of body attachment or other civil order for the incarceration or detention of a natural person** respondent to answer for a charge of indirect civil contempt shall issue unless the respondent has first had an opportunity, after personal service or abode service of notice as provided in Supreme Court Rule 105, to appear in court to show cause why the respondent should not be held in contempt.
>
> **(c)** Any order **issued pursuant to subsection (a) shall expire one year after the date** of **issue.** 735 ILCS 5/12-107.5(a)(c) (*emphasis added*)

Therefore, the Commitment Order entered February 9, 2021 expired on February 9, 20**22** and the Body Attachment Order of February 10, 2021 expired on February 10, 20**22**, pursuant to *735 ILCS 5/12-107.5(a)(c)*.

7. Because of this one (1) year expiration date, even though the Plaintiff had not been taken into custody, Plaintiff's ex-wife made *a Motion to Extend Body Attachment* for the entry of a second Body Attachment. This motion was filed on Order on March 15, 2022, a month after the original Body Attachment had expired. When this motion was presented, the Plaintiff requested a new evidentiary hearing on the issue of whether or not he was in indirect civil contempt. Despite this request, Plaintiff was denied a new contempt hearing, the motion was granted without a new contempt hearing being conducted, and a new second Body Attachment Order was entered on June 21, 2022. However, no new Commitment Order (i.e. *Order of*

---

2. Fanady was not taken into the custody of the Sheriff of Cook County until June 28, 20**22**, which is almost 1½ years after he was held in contempt on February 9, 20**21**.

[4]

*Adjudication of Indirect Civil Contempt and/or Order of Commitment*) was entered to replace the one that expired on February 9, 2021.

8. Plaintiff was finally taken into custody by the Sheriff on June 28, 2022. Since that date, he has been in the custody of Thomas Dart, Sheriff of Cook County, and Jane Gubsar, the Executive Director of the Cook County Jail. The Sheriff and the Director are holding Plaintiff in the Cook County Jail under the second Body Attachment Order of June 21, 2022 for indirect civil contempt of court.

9. Plaintiff is being held despite the fact that the second *Body Attachment Order* expired on June 21, 2023, and the *Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment* expired on February 9, 2022, pursuant to statute *735 ILCS 5/12-107.5(a)(c)*. Therefore, since June 21, 2023 the Sheriff and Executive Director have had no legal right or authority to detain Fanady in the for indirect civil contempt in the *Harnack v. Fanady, 08 D 2844* case, and doing so violated Fanady's constitutional rights under the 5th and 14th Amendments to the Constitution of the United States.

WHEREFORE, the Plaintiff Steve Fanady prays that this Court grant his Motion for Summary Judgment granting him a Writ of Habeas Corpus and Ordering that the Sheriff of Cook County, Cook County, and State of Illinois cease detaining him under the Orders entered in the case of *Harnack v. Fanady, 08 D 2844*, until and unless a new order is entered finding him in indirect civil contempt of court is entered by a court of competent jurisdiction after fresh evidentiary hearing on the merits, and grant the Plaintiff whatever other relief he may be entitled to or which the Court deems just.

Respectfully Submitted

/s/ *Laura Grochocki*

Attorney for Steve Fanady

Laura Grochocki
Attorney for Steve Fanady
200 East Illinois Street, 3211
Chicago, Illinois 60611
312-620-0671
lauraglaw@aol.com
Attorney No. 6239444

[6]